UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| MICHAEL THOMPSON, *Pro Se*, | ) | Case No.: 1:22 CV 649 |
| | ) | |
| Plaintiff | ) | |
| | ) | JUDGE SOLOMON OLIVER, JR. |
| v. | ) | |
| | ) | |
| MICHAEL O'MALLEY, | ) | |
| | ) | MEMORANDUM OF OPINION |
| Defendant | ) | AND ORDER |

**Background**

*Pro Se* Plaintiff Michael Thompson, an Ohio prisoner, has filed an *in forma pauperis* civil Complaint in this action against Chief Cuyahoga County Prosecutor Michael O'Malley. (ECF No. 1.) In his Complaint, he contends his constitutional rights were violated in his criminal case due to prosecutorial misconduct, including the withholding of evidence, and that he did not receive a fair trial. He claims he was convicted beyond what he was guilty of due to the misconduct, and he seeks damages for relief.

**Standard of Review and Discussion**

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), a district court is required to dismiss an *in forma pauperis* action at any time under 28 U.S.C. § 1915(e)(2)(B) if the action is frivolous or

malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. Similarly, 28 U.S.C. § 1915A requires a district court to dismiss any complaint in which a prisoner seeks redress from a governmental officer or employee that is frivolous or malicious, fails to state a claim, or seeks monetary relief from a defendant who is immune. *See Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010).

In order to state a claim upon which relief may be granted, a *pro se* complaint must contain sufficient factual matter, accepted as true, to state claim to relief that is plausible on its face. *Id.* at 471 (holding that the dismissal standard articulated in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) governs dismissals for failure to state a claim under §§ 1915(e)(2)(B) and 1915A). The plaintiff's "[f]actual allegations must be enough to raise the right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555.

Upon review, the court finds that Plaintiff's Complaint must be dismissed.

Damage claims for violations of constitutional rights may be brought against state actors under 42 U.S.C. § 1983.[1] But even liberally construed, Plaintiff's complaint fails to state a plausible § 1983 claim against Defendant O'Malley for multiple reasons.

First, Plaintiff's Complaint fails to allege any discernible specific conduct on the part of O'Malley. Plaintiff alleges no discernible facts indicating whether and to what extent O'Malley was involved in his criminal case. The Sixth Circuit "has consistently held that damage claims against

---

1  To state a cognizable claim under §1983, a plaintiff must allege (1) a violation of a right secured by the Constitution or laws of the United States, and (2) that the alleged violation was committed by a person acting under color of state law. *Redding v. St. Edward*, 241 F.3d 530, 532 (6th Cir. 2001).

governmental officials alleged to arise from violations of constitutional rights cannot be founded upon conclusory, vague or general allegations, but must instead, allege facts that show the existence of the asserted constitutional rights violation recited in the complaint and what *each* defendant did to violate the asserted right." *Terrance v. Northville Reg. Psych. Hosp.,* 286 F.3d 834, 842 (6th Cir. 2002) (emphasis in original); *see also Marcilis v. Twp. of Redford*, 693 F.3d 589, 596-97 (6th Cir. 2012) ("We conclude that the district court did not err in dismissing the claims . . . for failing to allege, with particularity, facts that demonstrate what each defendant did to violate the asserted constitutional right.") (internal quotation marks and citation omitted).

Second, to the extent Plaintiff seeks to hold O'Malley liable for the wrongful conduct of his subordinates, his Complaint fails to state a claim. Section 1983 liability cannot be imposed upon a defendant solely on a theory of *respondeat superior*. *Iqbal*, 556 U.S. at 676.

Third, prosecutors are entitled to absolute immunity for functions that are an integral part of the judicial process, which extends to suits based on a prosecutor's failure to disclose exculpatory evidence to a defendant. *Hatchett v. City of Detroit*, 495 Fed. Appx. 567, 571 (6th Cir. 2012). "Supervisory attorneys are immune from a suit directly attacking their actions related to an individual trial." *Id.*

Fourth, and in addition to all of the foregoing, Plaintiff's damages action is barred by the Supreme Court's decision in *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994), in which the Supreme Court held that "in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to

3

make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254."

A judgment in Plaintiff's favor on his claims of prosecutorial misconduct would necessarily imply the invalidity of his conviction that resulted, but nothing in his pleading suggests that the criminal proceeding brought against him terminated in his favor, or that his criminal conviction has been invalidated or called question in any of the ways articulated in *Heck*. Accordingly, Plaintiff has failed to allege a cognizable claim under § 1983.

## Conclusion

For all of the foregoing reasons, this action is dismissed in accordance with 28 U.S.C. §§ 1915(e)(2)(B) and 1915A. The Court further certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

*/s/ SOLOMON OLIVER, JR.*
UNITED STATES DISTRICT JUDGE

July 18, 2022